IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ELIZABETH GODWIN, a single
woman; KRISHNA BUOY, a single
woman;  and a class of others
similarly situated,

  Plaintiffs,

v.

NICOLAI ORCUTT, a single man;
JOHN DELEON, a single man;
MARI HERNANDEZ, a single woman;
ERIC LANGAN, a single man;
RCI HOSPITALITY HOLDINGS,
INC., RCI MANAGEMENT
SERVICES, INC., JAI DINING
SERVICES (LUBBOCK), INC.,

  Defendants.

## PLAINTIFFS' COMPLAINT- COLLECTIVE ACTION

### I. PARTIES AND CLASS ACTION ALLEGATIONS

1. Plaintiff Elizabeth Godwin ("Godwin") is a resident of Lubbock, Texas, and a former "employee" of Defendants as defined in 29 U.S.C. § 203(e)(1). Plaintiff Krishna Buoy ("Buoy") is a resident of Lubbock, Texas, and a former "employee" of Defendants as defined in 29 U.S.C. § 203(e)(1). Godwin and Buoy are hereinafter collectively referred to as "Plaintiffs." Plaintiffs hereby opt-in to the instant matter. *See* Exhibit 1.

2. Upon information and belief, Defendant Nicolai R. Orcutt ("Defendant Orcutt") is, and at all times relevant to this case has been, a resident of Ector County, Texas. As the Regional Manager, Defendant Orcutt exercises managerial responsibilities and substantial control of the terms and conditions of the employees' work.

3. Upon information and belief, Defendant John DeLeon ("Defendant DeLeon") is now, and at all times relevant to this case has been, a resident of Lubbock County, Texas. As a General Manager, Defendant DeLeon exercised managerial responsibilities and substantial control of the terms and conditions of the employees' work. Among other things, Defendant DeLeon is primarily responsible for hiring and firing employees, supervising and controlling employee work schedules and conditions of employment, maintaining the property, and maintaining any employment records that may exist.

4. Upon information and belief, Defendant Mari Hernandez ("Defendant Hernandez") is now, and at all times relevant to this case has been, a resident of Lubbock County, Texas. Defendant Hernandez worked as a Dancer Manager and exercised managerial responsibilities and substantial control of the terms and conditions of the employees' work. Among other things, Defendant Hernandez is primarily responsible for hiring and firing employees, supervising and controlling employee work schedules and conditions of employment, maintaining the property, and maintaining any employment records that may exist.

5. Upon information and belief, Defendant Eric S. Langan ("Defendant Langan") is now, and at all times relevant to this case has been, a resident of Harris,

Texas. Defendant Langan is the President, Director, and Chief Executive Office of RCI Hospitality Holdings, Inc.

6. Upon information and belief, the individual Defendants are personally responsible for the operations of their wholly-owned businesses.

7. Defendant RCI Hospitality Holdings, Inc. ("RCI Hospitality") is a corporation with its principal place of business in Houston, Texas. RCI Management Services, Inc. ("RCI Management") and JAI Dining Services (Lubbock), Inc. ("JAI") are Texas Corporations and are wholly owned subsidiaries of RCI Hospitalities. Jaguars is recorded in Texas as an "Assumed Name" owned by JAI and is a restaurant and bar that provides adult entertainment to its patrons.

8. Defendants Orcutt, DeLeon, Hernandez, Langan, RCI Hospitality, RCI Management and JAI are hereinafter collectively referred to as "Defendants."

9. Defendants are "employers" as defined by 29 U.S.C. § 203(d).

10. Plaintiffs allege that Defendants violated the FLSA by unlawfully designating their exotic dancers as independent contractors.

11. Plaintiffs allege that Defendants have willfully violated their right to receive the requisite federal minimum wage for covered nonexempt employees under 29 U.S.C. § 206(a).

12. Plaintiffs further allege that Defendants have willfully violated their right to overtime compensation for each hour after the first forty (40) they worked in a workweek under 29 U.S.C. § 207.

13. Pursuant to 29 U.S.C. § 216(b), Plaintiffs also seek to represent all other similarly situated employees who work(ed) for Defendants who have not been appropriately paid the requisite minimum wage and overtime wage premium.

14. Plaintiffs request that they be permitted to serve as the representatives of those who will later consent to participate in this action and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

15. Plaintiffs presently believe and allege that the class includes in excess of fifty (50) separate individuals who have, since May 25, 2015, worked for Defendants at Jaguars Club located at 12913 Highway 87, Lubbock, Texas, 79423.

16. Upon information and belief, the class of employees included within this lawsuit includes, *inter alia*, all full-time and part-time exotic dancers. Accordingly, a joinder of all members of the class would be impracticable.

17. The claims asserted herein on behalf of the Plaintiffs and the class present questions of law and fact common to the class including, in particular, whether Defendants have failed to pay the requisite minimum wage and overtime to its employees.

18. Plaintiff Godwin's and Plaintiff Buoy's claims are typical of the claims of the class.

19. Plaintiffs Godwin and Buoy, as the representative parties, will fairly and adequately protect the interests of the class.

20. The prosecution of separate lawsuits by individual members of the class would not only be judicially inefficient but it would create a risk of inconsistent or

varying adjudication with respect to individual members of the class which would establish incompatible standards of conduct for Defendants.

21. Defendants operate the adult entertainment establishment Jaguar's Club in Lubbock, Texas.

22. Furthermore, upon information and belief, the employees of the enterprise are engaged in commerce or in the production of goods for commerce, and/or handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and the enterprise's annual gross volume of sales or business done is not less than $500,000. 29 U.S.C. § 203(r); 29 U.S.C. 203(s)(1)(A).

## II.   JURISDICTION

23. This Court has federal question jurisdiction because this case arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.  See* 28 U.S.C. § 1331.

## III.   VENUE

24. Venue is proper in this Court as a substantial part of the events and actions about which Plaintiffs complain occurred in Lubbock, Texas.  *See* 28 U.S.C. § 1391(b)(2).

## IV.   FACTS

25. Godwin worked as an exotic dancer at Jaguars between May 2015 and May 1, 2018, taking a short leave between June and August 2017.  She performed under the name Kyoiee.

26. Buoy worked as an exotic dancer at Jaguars between October 2016 and May 2017 and then again between August 2017 and October 2017. She performed under the name Athena.

27. Defendants classify dancers, including Plaintiffs, as independent contractors, exempt from the FLSA. However, as described below, Defendants exercise substantial control over their dancers and the manner in which they conduct their work.

28. Plaintiffs have been misclassified as independent contractors throughout the years they have worked for Defendants.

29. As exotic dancers at Jaguars, Plaintiffs' and other exotic dancers' primary responsibilities included dancing on the stage and the main floor. Additionally, Plaintiffs and others similarly situated mingle with club guests and perform table dances, private VIP dances, and hayride dances. In the evenings during a shift, Defendants also transport Plaintiffs and others similarly situated to local bars to distribute promotional materials.

30. On average, Godwin worked at Jaguars between forty four (44) and eighteen (18) hours per week and spent an additional one (1) hour prior to each shift dressing, applying makeup, grooming, and otherwise preparing to work.

31. While working under General Manager Chris Rivera, prior to approximately July 2017, Buoy worked approximately thirty six (36) hours per week. While working under Dance Manager Mari Hernandez, Buoy worked approximately twenty four (24) hours per week. Under both managers, Buoy spent an additional two (2)

hours prior to each shift dressing, applying makeup, grooming, stretching, and otherwise preparing to work.

32. Defendants provided Plaintiffs and others similarly situated with no compensation for the hours they worked at the club. Plaintiffs and others similarly situated only receive compensation for the work they perform directly from the customers in the form of tips.

33. Plaintiffs allege that Defendants failed to pay a minimum wage for worked performed during their tenure.

34. Having failed to pay wages, Defendants also failed to withhold taxes and to issue Plaintiffs a W-2 form.

35. Plaintiffs allege that Defendants failed to pay overtime wage premiums for each hour after the first forty worked in a work week.

36. Upon information and belief, Defendants never kept time sheets, payroll records, notices, or other employment information required to be kept pursuant to 29 C.F.R. 516.2 for Plaintiffs or any of their other employees. Furthermore, upon information and belief, Defendants have remained noncompliant with record-keeping, notice-posting, and other employment-related legal requirements. *See* 29 C.F.R. 516.4; *U.S. Dep't of Labor v. Cole Enters., Inc.*, 62 F.3d 775, 779 (6th Cir. 1995).

37. Upon information and belief, Defendants either knew or recklessly disregarded the fact that their failure to regularly pay Plaintiffs any wage at all violated applicable statutes.

38. Defendants required Plaintiffs and others similarly situated to clock in and out using a finger print time clock system. Plaintiffs are not allowed to clock in until their hair and makeup is done and they are ready to perform on stage. Plaintiffs were also not paid for this pre-shift work done in preparation for their performances.

39. The only time Defendants exchanged money with Godwin and others similarly situated is when a customer did not have cash to compensate the dancers and the ATM was not working. In this situation, the customer pays Defendants with a credit card for "dance dollars," which are coupons that the customer gives the dancers for their performance. The dancers must then redeem the coupons with Defendants at the end of the night. Defendants reported this money on a 1099 form to Godwin.

40. Plaintiffs and others similarly situated were required, as a condition of employment, to pay Defendants a daily fee for the opportunity to work, the cost of which depends upon the time they clock in to work. Portions of the fees are split between the regional and general manager and the house and some fees are set aside as "promotion fees." They are required to pay a fee to Defendants both to skip a rotation on stage and when they arrive on stage for a dance more than forty (40) seconds after they are called by the DJ. When Plaintiffs leave Jaguars prior to completing six (6) hours of work, they are required to pay a fee for each hour they leave early. Furthermore, Plaintiffs and others similarly situated are required to tip the DJ daily as well as the house mom when one is working. Plaintiffs and others similarly situated have no control over or say in the fees they are charged.

41. Plaintiffs and others similarly situated have no right or ability to set the price customers pay for private or table dances, and they are not paid for hayride (birthday) dances they are required to perform.

42. Plaintiffs and others similarly situated pay out-of-pocket for all work-related expenses, such as outfits, makeup, eyelashes, shoes, manicures, and lotions, among other things. Plaintiffs spend hundreds of dollars per month on one-time purchases and to maintain ongoing grooming needs.

43. Defendants enforce a number of work rules that Plaintiffs and others similarly situated must follow. Defendants require Plaintiffs and others to work at least six (6) hour shifts or pay a per-hour fee. Defendants require dancers to work a set number of shifts per week which varies depending upon if they are students and if they are local or from out of town. Defendants require dancers to clock in before 11:00pm and to pay their house fees and to tip the DJ before they leave in the morning.

44. Plaintiffs and others similarly situated are required to personally render their services. If they are unable to perform, they do not have the right to send someone in their place.

45. Defendants maintain the right to discipline and terminate dancers for any offense or non-compliance with work rules.

46. The dancing services provided by Plaintiffs and all others similarly situated are integral to Defendants' business. Jaguars Club is an adult entertainment establishment; the primary form of entertainment provided at Jaguars is the dancing performed by Plaintiffs.

47. Dancers, including Plaintiffs, regularly work approximately 30 to 40 hours per week, sometimes going over 40 hours into overtime. Despite these hours worked, Plaintiffs and other dancers similarly situated never receive an hourly wage or any other compensation from Defendants. Instead, Plaintiffs and other dancers can keep a portion of the tips they receive directly from customers, although Plaintiffs are first required to pay "rent" to Defendants and also to tip out the DJ, house mother, and bartender out of the tips they earn.

48. Defendants do not pay Plaintiffs and other dancers either the standard hourly minimum wage of $7.25 or the legal minimum wage for a customarily tipped employee of $2.13 per hour. Defendants also do not pay Plaintiffs and other dancers time and one half their regular hourly rate for hours worked beyond forty per week.

49. Defendants are not entitled to claim a "tip credit" under Section 203(m) of the Fair Labor Standards Act. Specifically, Defendants never pay Plaintiffs and other dancers a cash wage of at least $2.13 per hour. Defendants never informed Plaintiffs and other dancers of the FLSA's tip credit provisions and Defendants' intention to take a tip credit to make up the difference between the tipped minimum wage and the statutory minimum wage. Defendants do not permit Plaintiffs and other dancers to retain all their tips, instead keeping some of the tips for Defendants' own use. Defendants also do not ensure that Plaintiffs' and other dancers' cash wages plus the tip credits equal the minimum wages required each week. Defendants did not pay Plaintiffs and other dancers any cash wages, and Defendants did not keep any records of hours Plaintiffs and other dancers worked or the amount of tips they earned. Therefore, it is not possible for them to

ensure that Plaintiffs and other dancers received a proper tip credit. Because Defendants cannot claim a tip credit within the meaning of the FLSA, Plaintiffs and all others similarly situated are entitled to the full statutory minimum wage and overtime rates for all hours worked.

## V.     CAUSE OF ACTION

### FIRST CAUSE OF ACTION: FLSA – MINIMUM WAGES

50.     Defendants have engaged in a pattern, policy, and practice of violating the FLSA, as detailed above, by misclassifying Plaintiffs and all others similarly situated as independent contractors and not paying them minimum wages.

51.     The minimum wage provisions set forth in the FLSA, 29 U.S.C. § 201 *et. seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the putative class members.

52.     At all relevant times, Plaintiffs and the putative class members were employed by an entity engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

53.     At all relevant times, Plaintiffs and the putative class members were employees of Defendants within the meaning of 29 U.S.C. § 203(e).

54.     At all relevant times, Defendants have been an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

55.     At all relevant times, Defendants employed Plaintiffs and the putative class members within the meaning of 29 U.S.C. § 203(g).

56. Defendants have engaged in a policy and/or practice of failing to pay Plaintiffs and the putative class members the applicable minimum wage for all hours Defendants suffered or permitted them to work.

57. As a result of the minimum wage violations, Plaintiffs and the putative class members have suffered damages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

58. Defendants' unlawful conduct has been willful and intentional. Defendants were aware or should have been aware that the practices described herein are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the putative class members.

59. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### SECOND CAUSE OF ACTION: FLSA – OVERTIME WAGES

60. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et. seq., and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the putative class members. Defendants have failed to pay Plaintiffs and the putative class members overtime wages at time-and-a-half for hours that they worked over 40 hours in a workweek.

61. As a result of Defendants' unlawful acts, Plaintiffs and the putative class members have been deprived of overtime compensation in amounts to be determined at

trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

62. Defendants' unlawful conduct has been willful and intentional. Defendants were aware or should have been aware that the practices described herein are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the putative class members.

63. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### THIRD CAUSE OF ACTION: FRAUDULENT FILING OF INFORMATION RETURNS

64. Defendants willfully filed a fraudulent information return with respect to payments made to Plaintiffs in violation of 26 U.S.C. § 7434.

65. As a result of Defendants' unlawful acts, Plaintiffs and the putative class members are entitled to recovery in an amount equal to the greater of $5,000 or the sum of any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return, the costs of the action, and reasonable attorney's fees. *Id.*

### VI. DEMAND FOR JUDGMENT

66. Plaintiffs demands that judgment be issued in their favor and request:

A) That this Court determine that Defendants willfully failed to pay Plaintiffs at least the federal minimum wage, in violation of 29 U.S.C. § 206(a);

B) That this Court order Defendants to pay Plaintiffs all unpaid wages, liquidated damages in an amount equal to her unpaid wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b);

C) That this Court grant an award in the amount equal to the greater of $5,000 or the sum of actual damages, the costs of the action, and reasonable attorneys' fees, pursuant to 26 U.S.C. § 7434(b); and

D) That this Court grant such other and further relief, legal and equitable, as may be warranted.

## VII.   PRAYER

67. Plaintiffs pray that Defendants be required to appear and answer this action, and that upon hearing or trial, that this Court enter judgment in Plaintiffs' favor and against Defendants, jointly and severally, and award Plaintiffs all relief, both in law and equity, special and general, including attorneys' fees, costs, and other litigation expenses to which they are entitled.

///

///

///

///

Respectfully submitted, this 25th day of May, 2018.

LUBIN & ENOCH, P.C.

/s/ Nicholas J. Enoch, Esq.
NICHOLAS J. ENOCH
Texas State Bar No. 24042618
nick@lubinandenoch.com
STANLEY LUBIN
Texas State Bar No. 24049352
stan@lubinandenoch.com
221 N. Kansas Street, Suite 700
El Paso, Texas 79901
(915) 585-8008 (Phone)
(602) 626-3586 (Fax)

ATTORNEYS FOR PLAINTIFFS

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) F.R.Civ.Pro., Plaintiffs demand that this matter be tried to a jury.

Respectfully submitted, this 25th day of May, 2018.

LUBIN & ENOCH, P.C.

/s/ Nicholas J. Enoch, Esq.
NICHOLAS J. ENOCH
Texas State Bar No. 24042618
nick@lubinandenoch.com
STANLEY LUBIN
Texas State Bar No. 24049352
stan@lubinandenoch.com
221 N. Kansas Street, Suite 700
El Paso, Texas 79901
(915) 585-8008 (Phone)
(602) 626-3586 (Fax)

ATTORNEYS FOR PLAINTIFFS